UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JZK, INC., a Washington corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>WHITEWIND WEAVER,<br><br>          Defendant. | Case No. C06-5477 FDB<br><br>ORDER GRANTING MOTION<br>FOR REMAND |

This matter comes before the Court on Plaintiffs' Motion for Remand to State Court. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants Plaintiffs' motion and remands this case to the state court.

**INTRODUCTION AND BACKGROUND**

The material facts are undisputed. Plaintiff JZK, Inc. filed the Complaint in this action in the Thurston County Superior Court on August 15, 2006. The Complaint alleges breach of contract and seeks injunctive relief and damages. On August 22, 2006, Defendant Whitewind Weaver removed the case to this Court. Defendant alleges the Plaintiff's state law cause of action is preempted by the federal Copyright Act, 17 U.S.C. § 301. Accordingly, Plaintiff's cause of action arises under federal

ORDER - 1

law and is removable pursuant to 28 U.S.C. §§ 1441 and 1446.  The Plaintiff has filed a motion for remand on the ground that the cause of action is simply one of state contract law and is not governed by federal copyright and the preemption provisions of Section 301.  Absent federal copyright law, this Court lacks subject matter jurisdiction.[1]

This lawsuit is based on Weaver's breach of an agreement governing her participation in seminars conducted by JZK, Inc.  Plaintiff operates Ramtha's School of Enlightenment (RSE).  Weaver has been a student of RSE since 2005 and has attended twelve events at JZK, Inc.  As a condition of Weaver's participation in the seminars at RSE, Weaver signed "Student Registration Form(s)" which contain a provision an entitled "Conditions of Participation."  This provision restricts a participant of the seminars from teaching or dissemination information learned at RSE.  The Student Registration Form signed by Weaver on February 17, 2006, provides in part as follows:

> 1. The information and techniques taught here are for your knowledge only. You are licensed to use this information and techniques for your own personal use only.  You are not authorized to teach or otherwise disseminate through speeches, books, articles, media interviews or other forms of mass or distribution (collectively, to "Teach or Disseminate") any information that you learn or teach at the School.  By signing these Conditions of Participation you agree not to, directly or indirectly, Teach or Disseminate to others the information and/or techniques that you teach or learn here without the prior written consent of the School, nor shall you assist or facilitate other persons in their Teaching or Dissemination of these matters to others without the prior written consent of the School.
>
> .......
>
> 7. These Conditions of Participation will remain in effect and enforceable for the life of JZ Knight, plus 21 years.  Inasmuch as a violation of these conditions would cause damage to the School in the amount that is difficult or impossible to estimate, you agree that these conditions may be enforced by equitable proceedings, including court injunction.  Further, you agree that all income you receive from activities in violation of these Conditions of Participation will be paid to JZK, Inc. As compensation for the damages that JZK, Inc. Incurs because of such breach (whether JZK, INC. Can establish the amount

---

[1] Defendant has moved for summary judgment based on the copyright preemption doctrine. The Court finds it appropriate to first consider Plaintiff's Motion to Remand.  A finding that the Court lacks jurisdiction would moot this dispositive motion.

ORDER - 2

of such damages), unless JZK, Inc. Can establish that its damages are greater than this amount.

Weaver signed Student registration Forms with similar language when attending earlier seminars.

It is alleged in the Complaint that directly in breach of the "Conditions of Participation" Weaver published and distributed advertisements and provided instruction, information and techniques she learned at RSE. It is specifically alleged that Weaver conducted a class from August 2, 2006 to August 6, 2006, which was attended by more than thirty (30) persons, who paid tuition for the seminar consisting in large part upon the teachings and instruction that Weaver learned at RSE. The cost of the workshop was $625.00 per participant.

The Complaint alleges a breach of the Conditions of Participation by providing instruction, information and techniques to others without receiving the written consent of the school and for Weaver's sole financial benefit. Plaintiff seeks damages, including, but not limited to the income Weaver received from the activities conducted in violation of the Conditions of Participation. Plaintiff also seeks an injunction against Weaver from conducting seminars that teach or instruct any matter learned at RSE in violation of the Conditions of Participation.

**STANDARDS GOVERNING MOTIONS TO REMAND**

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. This authority is tempered by two provisions authorizing remand to state court. The first provision, 28 U.S.C. § 1447(c), mandates remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The second provision, 28 U.S.C. § 1441(c), authorizes discretionary remand of "all matters in which State law predominates."

When considering a motion to remand, a federal district court must consider whether the district court would have federal question jurisdiction originally and be mindful of the admonition that the removal statute is strictly construed against removal jurisdiction. Hofler v. Aetna U.S.

ORDER - 3

Healthcare of Cal., Inc., 296 F.3d 764, 768 (9th Cir. 2002). Furthermore, the burden of establishing federal jurisdiction falls to the party invoking the removal statute. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

## REMOVAL JURISDICTION

A civil action is removable if the district court has original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States. 8 U.S.C. § 1441(b). It is uncontested that Plaintiff has plead only a state law claim for breach of contract and injunctive relief. Under the "well-pleaded complaint" rule, a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983). However, the well-pleaded complaint rule does not apply if Congress has evidenced an intent that federal law completely displace state law. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). Thus, under application of the complete preemption doctrine, because state common law claims are deemed to be recast as federal claims, the preempted state law claims give rise to federal question jurisdiction, and, as a result, provide a basis for removal. Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003). The Copyright Act of 1976 is one of these statutes.

The Copyright Act specifically preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a); Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089 (9th Cir. 2005). The intention of Section 301 of the Copyright Act is to preempt and abolish any rights under the common law or statutes of a state that are equivalent to copyright and that extend to works, within the scope of the federal copyright law. Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134, 1137 (9th Cir. 2005); see also Maljack Prods. v. GoodTimes Home Video Corp., 81 F.3d 881, 888 (9th Cir. 1996). The rights protected

ORDER - 4

under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution, and display.  17 U.S.C. § 106; Laws, at 1137; Altera Corp, at 1089.  The copyright is the right to control the work, including the decision to make the work available to or withhold it from the public.  Laws, at 1137.

The Ninth Circuit has adopted a two-part test to determine whether a state law claim is preempted by the Act.  First, the work at issue must come within the subject matter of copyright.  Second, the state law rights must be equivalent to the exclusive rights of copyright.  Laws, at 1137-38; Grosso v. Miramax Film Corp., 383 F.3d 965, 968 (9th Cir. 2004).  To survive preemption, the state law claim must include an "extra element" that makes the right asserted qualitatively different from those protected under the Copyright Act.  Altera Corp., at 1089; Laws, at 1143; Summit Mach. Tool Mfg. v. Victor CNC Sys., 7 F.3d 1434, 1439-40 (9th Cir.1993).  Whether copyright preemption applies is a question of law.  Altera Corp., at 1089.

Defendant Weaver contends that the subject matter sought to be protected is within the scope of copyright and that contractual provisions providing for "no teaching or dissemination" are equivalent to the exclusive rights of copyright and thus, subject to preemption.

The Ninth Circuit, as have most courts, has held that the Copyright Act does not preempt the enforcement of contractual rights.  Altera Corp., at 1089; Meridian Project Systems, Inc. v. Hardin Const. Co., LLC, 426 F.Supp.2d 1101, 1108 (E.D. Cal. 2006).  In reaching its finding of no federal preemption in Altera, the Ninth Circuit found "compelling" the Seventh Circuit's analysis in ProCD, Inc. v. Zeidenberg, 86 F.3d 1447 (7th Cir.1996).  Id. at 1089.  In ProCD, a consumer purchased ProCD's software and used it in a manner contrary to the terms of the shrinkwrap license; he made it available to the public for a reduced price, although the terms of the license allowed only private use.  The Seventh Circuit held the rights created by contract are not equivalent to any of the exclusive rights within the general scope of copyright.  The court focused its analysis on the purpose of federal preemption; to prevent "states from substituting their own regulatory systems for those of the

ORDER - 5

national government." Id. at 1455.  The Seventh Circuit noted that courts usually read preemption clauses to leave private contracts unaffected.  Id. at 1454.  The court noted three other Circuits have held rights created by contract are outside the scope of the Federal Copyright Act. See, National Car Rental System, Inc. v. Computer Associates International, Inc., 991 F.2d 426, 433 (8th Cir. 1993); Taquino v. Teledyne Monarch Rubber, 893 F.2d 1488, 1501 (5th Cir. 1990); and Acorn Structures, Inc. v. Swantz, 846 F.2d 923, 926 (4th Cir. 1988).  The Seventh Circuit analogized that "[j]ust as § 301 [of the Copyright Act] does not itself interfere with private transactions in intellectual property, so it does not prevent states from respecting those transactions." Id. "A copyright is a right against the world.  Contracts, by contrast, generally affect only their parties; strangers may do as they please, so contracts do not create 'exclusive rights.' " Id. at 1454.  The "extra element" was the mutual assent and consideration required by a contract claim. Id.   The Seventh Circuit concluded "a simple two-party contract is not 'equivalent to any of the exclusive rights within the general scope of copyright' and therefore may be enforced." Id., at 1455.

A claim for breach of contract has the "extra element" of an alleged exchange of promises/representations between the parties.  "Thus, the claim depends on more than the mere act of copying or distribution regulated by the federal Copyright Act, and is on that basis not preempted by Section 301(a)." Idema v. Dreamworks, Inc., 162 F.Supp.2d 1129, 1192 (C.D. Cal. 2001).  The breach of contract claim seeks to enforce the plaintiff's bargained-for right not to have certain information disclosed to others or used by a particular individual, rather than, as the copyright law provides, to enforce an exclusive right to reproduce, distribute and display certain works.  See, Selby v. New Line Cinema Corp., 96 F.Supp.2d 1053, 1061 (C.D. Cal. 2000).  See also, Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134, 1143 (9th Cir. 2005) ( To the extent plaintiff has enforceable contractual rights regarding the use of the copyright, the remedy may lie in a breach of contract claim); Grosso v. Miramax Film Corp., 383 F.3d 965, 968 (9th Cir. 2004) (An implied-in-fact contract is not preempted by the Copyright Act); Bowers v. Baystate Techs. Inc., 320 F.3d

ORDER - 6

1317, 1325 (Fed. Cir. 2003) (Copyright Act does not preempt contractual restraints on copyrighted materials); Chesler/Perlmutter Prods., Inc. v. Fireworks Entertainment, Inc., 177 F.Supp.2d 1050, 1058-59 (C.D. Cal. 2001) (Breach of contract action not subject to copyright preemption).

This court finds the above authority persuasive. The defendant Whitewind Weaver executed a written agreement with JZK, Inc that permitted for personal use only the techniques and information taught in the RSE seminars. The agreement prohibited Defendant from teaching or disseminating to others the information learned at the seminars. The agreement purports to create enforceable rights that are the subject of the action for breach of contract.[2] A claim for breach of contract has the "extra element" of an exchange of promises/representations between the parties. The claim depends on more than the mere act of copying or distribution regulated by the federal Copyright Act, and is on that basis not preempted.

## ATTORNEY'S FEES AND COSTS

Plaintiff requests an award of attorney's fees under 28 U.S.C. § 1447(c). In its discretion, the Court denies the request. The issue of whether the Copyright Act is completely preemptive remains somewhat unsettled in the Courts of Appeal and the Supreme Court. The analysis of whether the state law claims and the Copyright Act afford Plaintiff equivalent rights is fact-specific to the allegations of the complaint. Accordingly, Defendants' removal of this action was objectively reasonable. Attorney's fees are not appropriate in such a case. Martin v. Franklin Capital Corp., __ U.S. __, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

## CONCLUSION

For the reasons set forth, Plaintiff's motion for remand to state court will be granted. The request for attorney's fees is denied. Defendant's motion for summary judgment is moot.

ACCORDINGLY,

---

[2] A portion of Defendant's argument concerns the question of the enforceability of the contract. This is an issue of state law on which this Court expresses no opinion.

ORDER - 7

IT IS ORDERED:

1. Plaintiff'S Motion for Remand to Thurston County Superior Court [Dkt #9] is **GRANTED**.

2. The request for attorney's fees and costs is **DENIED**.

3. Defendant's Motion for Summary Judgment Based on Copyright Preemption [Dkt. # 7] is stricken as **MOOT**.

DATED this 17th day of October, 2006

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8